## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ADVON CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| COOPWOOD'S AIR CONDITIONING, INC., AND MERCHANTS BONDING COMPANY (MUTUAL), | § § § § § | Civil Action No. 4:18-cv-02984 |
| Defendants, | § § | |
| v. | § § | |
| RELEVANT SOLUTIONS, LLC, | § § | |
| Third-Party Defendant | § | |

### DEFENDANT MERCHANTS BONDING
### COMPANY (MUTUAL)'S ORIGINAL ANSWER

Defendant Merchants Bonding Company (Mutual) ("**Merchants**") files its Original Answer to Plaintiff's First Amended Complaint (the "**Complaint**") and in support thereof respectfully states as follows:

### I.  ANSWER

**A.  PARTIES**

1. Merchants lacks sufficient knowledge or information to form a belief about the truth of paragraph 1 of the Complaint.

2. Merchants lacks sufficient knowledge or information to form a belief about the truth of paragraph 2 of the Complaint.

3. Merchants admits the allegations contained in paragraph 3 of the Complaint.

**B.    JURISDICTION AND VENUE**

4.    Paragraph 4 of the Complaint sets forth a conclusion of law to which no response is required.

5.    Paragraph 5 of the Complaint sets forth a conclusion of law to which no response is required.

**C.    FACTUAL BACKGROUND**

6.    Merchants lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph 6 of the Complaint, and therefore neither pleads nor responds thereto.

7.    Merchants lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph 7 of the Complaint, and therefore neither pleads nor responds thereto.

8.    Merchants lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph 8 of the Complaint, and therefore neither pleads nor responds thereto.

9.    Merchants admits that it executed Subcontract Performance Bond NTX5802 (the "**Bond**") to Coopwood's Air Conditioning, Inc. ("**Coopwood's**") as principal and Advon Corporation ("**Advon**") as obligee and that a copy of the Bond is attached to the Complaint as "Exhibit B." Merchants denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.    Merchants admits that Advon made a claim on the Bond. Merchants denies the remaining allegations contained in paragraph 10 of the Complaint.

**D.     CAUSES OF ACTION – BREACH OF CONTRACT – COOPWOOD'S**

11.     Merchants lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph 11 of the Complaint, and therefore neither pleads nor responds thereto.

**E.     CAUSES OF ACTION – BREACH OF CONTRACT - MERCHANTS**

12.     Merchants admits that it received a notice from Advon dated July 19. Merchants lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations set forth in paragraph 12 of the Complaint, and therefore neither pleads nor responds thereto

13.     Merchants admits that Advon declared Coopwood's to be in default of its contract. Merchants denies that Advon fully performed its duties and obligations under the subcontract. Merchants admits that Advon put Merchants on notice of the alleged default but denies that Coopwood's was in default. Merchants admits that it denied and continues to deny that Coopwood's was in default. Merchants denies that it was required to remedy any default or to arrange for the performance of Coopwood's subcontractor work and, therefore, admits that it did not remedy any alleged default or arrange for the performance of Coopwood's subcontract work.

14.     Merchants admits that Advon demanded payment from Merchants and asserted a claim against the Bond. Merchants denies the remaining allegations in Paragraph 14 of the Complaint.

15.     Merchants denies the allegations contained in paragraph 15 of the Complaint.

**F.     CAUSES OF ACTION – BREACH OF EXPRESS AND IMPLIED WARRANTIES – COOPWOOD'S**

16.    Merchants lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph 16 of the Complaint, and therefore neither pleads nor responds thereto.

**G.     CAUSES OF ACTION – VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT – COOPWOOD'S**

17.    Merchants lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph 17 of the Complaint, and therefore neither pleads nor responds thereto.

18.    Merchants lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph 18 of the Complaint, including subparagraphs 1-6 thereto, and therefore neither pleads nor responds thereto.

19.    Merchants lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph 19 of the Complaint, and therefore neither pleads nor responds thereto.

**H.     CAUSES OF ACTION – NEGLIGENT MISREPRESENTATION – COOPWOOD'S**

20.    Merchants lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph 20 of the Complaint, and therefore neither pleads nor responds thereto.

**I.     ATTORNEYS' FEES**

21.    Merchants denies the allegations contained in paragraph 21 of the Complaint.

22.    Merchants denies the allegations contained in paragraph 22 of the Complaint.

**J.     CONDITIONS PRECEDENT**

23.    Merchants denies the allegations in paragraph 23 of the Complaint.

**K.     PRAYER**

24.     Merchants denies that Advon is entitled to the relief sought in the unnumbered paragraph in the Complaint under the subheading "Prayer" including sub-paragraphs a.-g. thereto.

## II.     AFFIRMATIVE DEFENSES

25.     Pleading further and in the alternative, if necessary, Merchants asserts the following affirmative defenses to Advon's claims:

26.     Merchants's liability, if any, is limited to the penal sum of the Bond.

27.     Merchants, as surety, is entitled to assert and hereby raises and incorporates all legal and contractual defenses available to its principal, Coopwood's. Accordingly, Merchants expressly adopts and incorporates by reference as if fully set forth herein: 1) all defenses of Coopwood's available under the Bond, the construction contract between Coopwood's and Advon, and/or Texas law; and (2) Coopwood's Original Answer to Advon's Complaint and any amended answers or answers to amended complaints filed herein, and each and every defense asserted therein. answer Plaintiff's claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

28.     Merchants asserts that Advon breached its contract with Coopwood's by failing to give proper notice and by wrongfully terminating the contract.

29.     Merchants asserts that Advon failed to mitigate its damages, if any, as required by law.

30.     Advon's damages, if any, were caused in whole or in part by Advon's own conduct, including its own negligence or the intentional acts of third parties for whom Merchants is not responsible. Advon's damages, if any, are barred, or must be diminished in proportion to the amount of fault attributable to Advon and/or other persons.

### III. PRAYER

31. For these reasons, Merchants asks the Court to enter judgment that Advon take nothing, dismiss Advon's suit with prejudice, assess costs against Advon, and award Merchants all other relief the Court deems appropriate.

Respectfully Submitted,

*/s/ Mike F. Pipkin*
MIKE F. PIPKIN
Attorney-in-Charge
Texas State Bar No. 16027020
Southern District No. 14820
JACOB L. MCBRIDE
Texas State Bar No. 24070231
Southern District No. 1105534

**WEINSTEIN RADCLIFF PIPKIN LLP**
8350 N. Central Expressway, Suite 1550
Dallas, Texas 75206
Telephone: 469.629.5300
Facsimile: 214.865.6140
Email: mpipkin@weinrad.com
jmcbride@weinrad.com

**ATTORNEYS FOR MERCHANTS BONDING COMPANY (MUTUAL)**

## CERTIFICATE OF SERVICE

I certify that on September 9, 2019, a copy of Defendant Merchants Bonding Company (Mutual)'s Original Answer was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorneys of record:

| | |
|---|---|
| H. Mark Burck<br>HANSZEN LAPORTE, LLP<br>14201 Memorial Drive<br>Houston, Texas 77079<br>mburck@hanszenlaporte.com<br><br>*Attorney for Plaintiff* | Suzanne Dubose<br>Dubose Law Offices, PLLC<br>1333 Old Spanish Trail, Suite G #364<br>Houston, Texas 77054<br>sdubose@duboselawoffice.com<br><br>*Attorney for Coopwood's Air Conditioning, Inc.* |
| John R. Thompson<br>Kelly Hart & Hallman, LLP<br>201 Main Street, Suite 2500<br>Fort Worth, Texas 76102<br>john.thompson@kellyhart.com<br><br>*Attorney for Relevant Solutions, LLC* | |

I certify that all counsel of record are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Mike F. Pipkin*
Mike F. Pipkin